252 N.J. Super. 318 (1991)
599 A.2d 935
ROLAND SEMEXANT, PLAINTIFF,
v.
MIL LIMITED  BOSTON MACHINERY DIVISION, AND/OR MIL LIMITED  TELEDYNE FARRIS ENGINEERING, A DIVISION OF TELEDYNE INDUSTRIES, INC. (IMPROPERLY PLEADED AS MIL LIMITED AND/OR TELEDYNE FARRIS ENGINEERING  UNIVERSAL MACHINE DIVISION AND/OR TELEDYNE FARRIS ENGINEERING)  UNIVERSAL MACHINE DIVISION AND/OR ABC CORPORATION, A FICTITIOUS NAME, ACTUAL IDENTITY PRESENTLY UNKNOWN TO THE PLAINTIFF, AND/OR DEF DISTRIBUTING CORP., A FICTITIOUS NAME, ACTUAL NAME PRESENTLY UNKNOWN TO PLAINTIFFS, AND/OR GHI SERVICING CORP., A FICTITIOUS NAME, ACTUAL NAME PRESENTLY UNKNOWN TO PLAINTIFFS, DEFENDANTS. TELEDYNE FARRIS ENGINEERING, A DIVISION OF TELEDYNE INDUSTRIES, INC., DEFENDANT THIRD-PARTY PLAINTIFF-RESPONDENT, CROSS-APPELLANT,
v.
SILVATRIM CORP. OF AMERICA, THIRD-PARTY DEFENDANT-APPELLANT, CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1991.
Decided December 6, 1991.
*320 Before Judges ANTELL, LONG and THOMAS.
Michael J. Marone argued the cause for appellant-cross-respondent Silvatrim (McElroy, Deutsch & Mulvaney, attorneys; Michael J. Marone, of counsel and on the brief).
Joseph DiRienzo, argued the cause for respondent-cross-appellant Teledyne Farris Engineering (DiRienzo, Wallerstein & Fellman, attorneys; Joseph DiRienzo, on the brief).
The opinion of the court was delivered by ANTELL, P.J.A.D.
This appeal arises from a personal injury sustained by plaintiff during the course of his employment with Silvatrim Corp. of America (hereinafter "Silvatrim"). Alleging that at the time of the accident he was working on an industrial machine negligently designed, manufactured and distributed by defendants MIL Limited  Boston Machinery Division (hereinafter "MIL"), and Teledyne Farris Engineering (hereinafter "Teledyne"), he brought this product liability action against MIL and Teledyne. Teledyne then filed its answer and also filed its third-party complaint against Silvatrim, plaintiff's employer, for indemnification and contribution. Thereupon, counsel for Silvatrim explained by letter to counsel for Teledyne that the third-party action was completely without merit, citing applicable New Jersey precedents. The letter added that if the third-party complaint was not withdrawn, Silvatrim would move for summary judgment and seek attorneys fees, costs and other remedies *321 pursuant to N.J.S.A. 2A:15-59.1 on the ground that Teledyne's action was "obviously frivolous."
The letter on behalf of Silvatrim went unanswered and Silvatrim successfully moved for summary judgment. It appeals, however, from so much of the order below as denied its application for attorney fees under the so-called "frivolous suit" statute, N.J.S.A. 2A:15-59.1. The relevant portion of that statute provides:
a. A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.
b. In order to find that a complaint, counterclaim, cross-claim or defense of the nonprevailing party was frivolous, the judge shall find on the basis of the pleadings, discovery, or the evidence presented that either:
(1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
(2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
Silvatrim correctly cites Ramos v. Browning Ferris Industries, 103 N.J. 177, 510 A.2d 1152 (1986), to demonstrate that Teledyne's third-party complaint could not prevail. In Ramos, the Supreme Court decided that a third-party tortfeasor could not obtain contribution from the employer of an injured worker. The same result was reached in a companion case, Stephenson v. R.A. Jones & Co., Inc., 103 N.J. 194, 510 A.2d 1161 (1986). However, in the Stephenson case, Justice Stein wrote a dissent in which he argued that a manufacturer should be entitled to seek indemnification from an employer who persistently frustrates a manufacturer's efforts to correct a dangerous condition in a machine. It was this dissent that the Law Division relied upon in concluding that because Teledyne had based its third-party complaint on a "theory that is developing," its action could not be deemed frivolous within the meaning *322 of the statute. We substantially agree with that assessment.
From the fact that existing New Jersey jurisprudence disfavors Teledyne's claim for relief it does not follow that the claim "was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." N.J.S.A. 2A:15-59.1b(2). Alterations in governing judicial philosophy are not uncommon, and we will not burden these pages with a catalogue of the innumerable cases in which the law has reversed its direction. For us to sanction as being frivolous a theory of recovery which, whether "developing" or not, is vigorously advocated by a sitting Supreme Court Justice and supported by respectable out-of-state authority,[1] merely because that viewpoint occupies minority status at the present time, would stifle "honest and creative advocacy," Iannone v. McHale, 245 N.J. Super. 17, 28, 583 A.2d 770 (App.Div. 1990), a result which was surely not intended by the framers of the legislation.
Silvatrim argues that Teledyne tendered no facts on the motion for summary judgment to support its claim that Teledyne had been barred by Silvatrim from entering its plant to inspect the machine at which plaintiff had been injured and correct defects. From our examination of the record and the statements of counsel at oral argument, it does not appear that Teledyne was called upon to furnish those facts in reply to Silvatrim's motion. In our view, although Silvatrim's motion was captioned a "motion for summary judgment," it was, more precisely, a motion to strike the pleading for insufficiency in law, R. 4:6-5, in response to which Teledyne was not called upon to go beyond the pleadings.
On its cross-appeal Teledyne argues that summary judgment was prematurely granted. However, its notice of cross-appeal was filed 25 days beyond the period limited by R. 2:4-2 *323 for such action without obtaining leave of court pursuant to R. 2:4-4. Accordingly, it is not properly before us for consideration.
On Silvatrim's appeal, the order presented for review is affirmed. The cross-appeal is dismissed.
NOTES
[1] See Stephenson, (Stein, J., dissenting), 103 N.J. at 205-206, 510 A.2d 1161.